IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Payton Sophia Wallace, | ) | C/A No. 6:20-cv-04182-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of Social Security,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Payton Sophia Wallace ("Plaintiff") brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, (42 U.S.C. §§ 405(g), 1383(c)(3)), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability benefits and supplemental security income benefits under Title II and XVI of the Social Security Act. [ECF No. 1.] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule (D.S.C.) 73.02(B)(2)(a), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling.

On January 24, 2022, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings. [ECF No. 21.] On February 3, 2022, the Commissioner filed a Notice of Not Filing Objections to the Report. [ECF No. 22.]

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Under Rule 25(d) of the Federal Rules of Civil Procedure, she is automatically substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

2

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, the decision is **REVERSED**, and the matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon  
United States District Judge

February 7, 2022  
Florence, South Carolina